**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LAURA OLSON,**

**Plaintiff,**

**v.** **Case Number: 8:14-cv-01829-JSM-TGW**

**DEX IMAGING, INC., and**
**BETH DOYLE-SCICOLONE,**

**Defendants.**
_________________________________________/

# AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAURA OLSON ("Plaintiff"), by and through her undersigned counsel files this Amended Complaint against Defendants, DEX IMAGING, INC. ("Defendant Dex") and BETH DOYLE-SCICOLONE ("Defendant Doyle") ("collectively referred to as Defendants"), and states:

## JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) and the Court has jurisdiction pursuant to the Family Medical Leave Act of 1993 ("FMLA"), the Florida Civil Rights Act of 1992 ("FCRA"), the Employment Retirement Income Security Act ("ERISA"), the Fair Labor Standards Act ("FLSA") and common law.

2. Venue lies with this Judicial District as the cause of action accrued in Hillsborough County, Florida.

## PARTIES

3. Plaintiff was formerly employed by Defendants.

4. Defendant Dex is a business authorized to conduct business in Florida.

5. At all times material hereto, Plaintiff was a resident of the State of Florida. Plaintiff was and is a protected employee under the FMLA, FCRA, ERISA, and FLSA during the times relevant to this Complaint.

6. Defendant is a business organization under the laws of Florida and registered and licensed to do business in the State of Florida. At all times material hereto Defendant transacted business and performed services in this Judicial District.

7. Defendant was Plaintiff's employer within the scope of the FMLA, including as defined by 29 C.F.R. § 825.104 and 29 U.S.C. § 2611(2) and (4), during the times relevant to this Complaint. Defendant employed fifty (50) or more employees within a seventy five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or proceeding year.

8. Plaintiff worked for Defendant Dex from in or around 2005 or 2006 until August 12, 2013 as a Director of Sales.

9. While employed with Defendant, Plaintiff satisfactorily performed the job requirements of her position.

10. Plaintiff was eligible for FMLA leave.

11. Plaintiff worked for Defendant for more than twelve months and also worked for Defendant in excess of 1,250 hours during the previous twelve month period.

12. Plaintiff is an "employee" within the meaning of the FCRA.

13. Defendant is an "employer" within the meaning of the FCRA.

14. Plaintiff has satisfied all conditions precedent, including exhausting her administrative remedies.

15. Defendant Doyle was Plaintiff's former supervisor.

## FACTS

16. At all times material, Defendant Dex acted with malice and with reckless disregard for Plaintiff's state and federal protected rights.

17. Plaintiff worked for Defendant Dex from in or around 2005 or 2006 until August 12, 2013 as a Director of Sales.

18. Plaintiff is a female who is a qualified individual with a disability/handicap and/or was perceived as such by Defendant Dex.

19. Moreover, Plaintiff had a serious health condition as that term is defined by the FMLA, including the need for treatment for substance abuse by a health care provider.

20. In March, 2013, Plaintiff was required to take leave from work to receive treatment for her disability/handicap and/or serious health condition, including, specifically, to obtain treatment for substance abuse by a health care provider. At this time, Plaintiff notified Defendant Dex of her need for accommodation and FMLA leave. Rather than keep her treatment and disability/handicap confidential as required by state and federal law, Defendant Dex disclosed Plaintiff's disability/handicap and her treatment to her coworkers.

21. Additionally, Defendant failed to designate Plaintiff's leave as FMLA leave and failed to inform her of her rights under the FMLA. Plaintiff was injured by Defendant Dex's failure to inform her of her rights under the FMLA, including penalizing her financially by refusing to pay her commissions previously earned because she missed work while receiving treatment. Defendant Dex also penalized Plaintiff financially by withholding a $17,000 commission.

22. Furthermore, when Plaintiff requested additional leave to receive treatment for her disability/handicap and/or serious health condition, Defendants denied her request.

23. After Plaintiff returned from leave on or around May 6, 2013, Plaintiff was subjected to a hostile environment as a result of her disability/handicap and in retaliation for exercising her rights under the FMLA, and the FCRA, including being stripped of two major accounts, not being paid proper commissions, Defendant Doyle ignored her and refused to answer her texts or phone calls, and Defendants monitored her calendar and emails. Moreover, Defendant Dex's managers continued to openly discuss Plaintiff's disability/handicap and/or her serious health condition with her co-workers. Plaintiff reported this unlawful treatment to Defendants and nothing was done.

24. On or about August 12, 2013, Defendants constructively discharged Plaintiff from her employment with Defendants in violation of her rights under the FMLA, the FCRA, and ERISA.

25. Plaintiff was denied the basic FMLA benefit of leave from work while receiving treatment for substance abuse by a health care provider and, then, being allowed to return to work without being penalized. Defendants denied Plaintiff this benefit by penalizing Plaintiff financially for missing work due to her leave (e.g., Defendants refused to pay commissions earned by Plaintiff and stripped her of two major accounts), and then by terminating her employment.

26. During her employment, Plaintiff was also subjected to disparate treatment based on her sex as her male counterparts were treated more favorably than her as to the terms and conditions of work, including being provided better accounts and more support staff.

27. Defendant's unlawful conduct has caused Plaintiff to suffer severe emotional distress, mental anguish, physical problems, and financial distress.

28. Plaintiff has exhausted all administrative prerequisites and satisfied all conditions precedent. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (“EEOC”) and the Florida Commission on Human Relations (“FCHR”) and more than one hundred eighty (180) days have lapsed since she filed the Charge.

29. Plaintiff has been required to retain the undersigned attorneys to represent her in this action and is obliged to pay them a reasonable fee for their services.

**COUNT I – FMLA INTERFERENCE**
***(Against Both Defendants)***

30. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

31. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

32. Defendant Doyle is a properly named Defendant to this claim because she controlled all aspects of Plaintiff’s day-to-day work. For example, Defendant Doyle set Plaintiff’s hours and schedule. She also was responsible for disciplining Plaintiff, assigning Plaintiff job duties and designating accounts Plaintiff was responsible for working on. Defendant Doyle also had the authority to hire/fire Plaintiff, and determined Plaintiff’s rate of pay.

33. Plaintiff exercised or attempted to exercise her FMLA rights and Defendants interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(l)(A) and 2615(a)(2) by failing to notify her of her FMLA rights, not affording her leave, and constructively discharging her employment.

34. Defendants’ actions were willful, knowing and voluntary, and otherwise done

with malice and/or reckless indifference for Plaintiff's rights.

35. Plaintiff was injured due to Defendants' willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff, requests that this Court:

(a) Enter a judgment that Defendants' interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendants from further violations of the FMLA;

(c) Direct Defendants to reinstatement Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendants and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendants' violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled to including equitable relief.

**COUNT II – FMLA RETALIATION**
***(Against Both Defendants)***

36. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

37. At all times relevant to the facts alleged in this Complaint, Plaintiff suffered from one or more serious health conditions pursuant to the FMLA.

38. Defendant Doyle is a properly named Defendant to this claim because she

controlled all aspects of Plaintiff's day-to-day work. For example, Defendant Doyle set Plaintiff's hours and schedule. She also was responsible for disciplining Plaintiff, assigning Plaintiff job duties and designating accounts Plaintiff was responsible for working on. Defendant Doyle also had the authority to hire/fire Plaintiff, and determined Plaintiff's rate of pay.

39. Plaintiff exercised or attempted to exercise her FMLA rights.

40. Plaintiff engaged in a protected activity by requesting FMLA leave from Defendants for the serious health condition identified above.

41. Defendants retaliated against Plaintiff for exercising her FMLA rights by not allowing her to take additional leave, f treating her in a hostile manner when she returned from leave, and, ultimately constructively discharging her from her employment.

42. Defendants also retaliated against Plaintiff by causing her financial harm. For example, immediately after Plaintiff returned from leave Defendants stripped Plaintiff of two major accounts she had handled prior to returning from leave, and by taking away all commissions Plaintiff had been owed prior to her FMLA leave.

43. Defendants' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

44. Plaintiff was injured due to Defendants' willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

**WHEREFORE,** Plaintiff requests that this Court:

(a) Enter a judgment that Defendants retaliated against Plaintiff because she exercised her rights under the FMLA;

(b) Enjoin and permanently restrain Defendants from further violations of the FMLA;

(c) Direct Defendants to reinstatement Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendants and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendants' violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled to including equitable relief.

**COUNT III – ERISA RETALIATION**
**IN VIOLATION OF 29 U.S.C. § 1140**
***(Against Both Defendants)***

45. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 29 of this Complaint as though fully set forth herein.

46. Plaintiff was entitled to protection under ERISA. Specifically, Plaintiff was entitled to medical insurance/benefits under a CIGNA plan she was party to by virtue of her employment with Defendants. Plaintiff was a participant in the CIGNA plan, and was entitled to the benefits of the plan because of her employment status with Defendants.

47. Plaintiff was qualified for her position.

48. Defendant Doyle is a properly named Defendant to this claim because she controlled all aspects of Plaintiff's day-to-day work. For example, Defendant Doyle set Plaintiff's hours and schedule. She also was responsible for disciplining Plaintiff, assigning Plaintiff job duties and designating accounts Plaintiff was responsible for working on.

Defendant Doyle also had the authority to hire/fire Plaintiff, and determined Plaintiff's rate of pay, or at least played a major role in determining. More importantly for the purposes of ERISA, based upon information and belief Defendant Doyle is a manager of Defendant Dex (by virtue of being family members with Daniel Doyle), and, in this capacity, has individual discretion and control over the CIGNA plan to which Plaintiff and Defendant Dex's other employees are participants in. For example, Defendant Doyle was responsible for initiating the process by which Plaintiff utilized Defendant Dex's CIGNA plan to assist her with the costs and treatment at the substance abuse treatment facility she attended.

49. The termination of Plaintiff was under circumstances giving rise to, at a minimum, an inference of discrimination under ERISA.

50. Defendants specifically intended to interfere with Plaintiff's ERISA rights when they constructively discharged her.

51. Defendants' constructive discharge of Plaintiff's ERISA rights was willful.

52. But for Defendants' discriminatory intent, Plaintiff would not have been constructively discharged.

53. As a result of Defendants' constructive discharge, Plaintiff has suffered damages.

54. Plaintiff exhausted her administrative remedies as to her ERISA claim prior to initiating this action, including through Defendants' own internal process and through CIGNA.

55. To the extent that Plaintiff failed to exhaust her administrative remedies, Defendants failed to establish procedures for reviewing employees' claims under the Defendants' plan.

**WHEREFORE**, Plaintiff demands:

(a) The Court enter a judgment that Defendants interfered with Plaintiff's rights in violation of ERISA;

(b) An injunction restraining continued violation of ERISA;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay (only insofar as awarded with reinstatement);

(d) Restitution of forfeited benefits; and

(e) All costs and attorney's fees incurred in prosecuting these claims;

**COUNT IV – DISCRIMINATION UNDER THE FCRA (HANDICAP)**
***(Against Defendant Dex Only)***

56. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

57. Plaintiff suffers from a disability because as defined by the FCRA, including, because she is a recovering alcoholic who required leave for substance abuse treatment.

58. Plaintiff's disability substantially impacted one or more major life activities, including her ability to work. Defendants regarded Plaintiff as having an impairment.

59. Plaintiff had the requisite skill, experience, education and other job-related requirements needed to perform her position with Defendant Dex with a reasonable accommodation, including, specifically, time off from work.

60. Defendant Dex employed 15 or employees for 20 or more weeks in the current or preceding calendar year.

61. Defendant Dex denied Plaintiff reasonable accommodations for her handicap and constructively discharged Plaintiff from her employment because of her handicap and in retaliation for Plaintiff requesting reasonable accommodations under the FCRA.

62. Defendant Dex has willfully violated the provisions of the FCRA.

63. Plaintiff has been injured due to the Defendant Dex's violations of the FCRA.

**WHEREFORE** Plaintiff demands:

(a) An award of compensatory damages, including emotional distress damages;

(b) An award of back pay and front pay to Plaintiff, plus interest;

(c) An award of punitive damages to Plaintiff;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims;

(f) For such further relief as the Court deems just and equitable.

**COUNT V– DISCRIMINATION IN VIOLATION OF THE FCRA (SEX DISCRIMINATION)**
***(Against Defendant Dex Only)***

64. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of her Complaint as though fully set forth herein.

65. Defendant Dex employed 15 or employees for 20 or more weeks in the current or preceding calendar year.

66. The foregoing actions of Defendant Dex constitute unlawful discrimination and disparate treatment in violation of the FCRA, including less compensation.

67. Similarly-situated male employees who held the same position as Plaintiff were not subjected to the same disparate treatment, including, for example, "Zack" (last name unknown). Despite being less qualified, Zack received more compensation from Plaintiff due to his gender. Defendant manipulated Plaintiff's compensation to ensure "Zack" received commissions Plaintiff had actually earned, rather than paying the money to Plaintiff.

68. As a direct and proximate result of Defendant Dex's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain

and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

(a) An award of compensatory damages, including emotional distress damages;

(b) An award of back pay and front pay to Plaintiff, plus interest;

(c) An award of punitive damages to Plaintiff;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims;

(f) For such further relief as the Court deems just and equitable.

**COUNT VI – RETALIATION IN VIOLATION OF THE FCRA**
***(Against Defendant Dex Only)***

69. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of her Complaint as though fully set forth herein.

70. Defendant Dex employed 15 or employees for 20 or more weeks in the current or preceding calendar year.

71. Plaintiff engaged in multiple instances of protected activity just a few days before she was fired, including complaining about the fact that Defendants were discriminating against her because of her above-identified disability, and that they had stripped her of commissions because of her disability and gender. Plaintiff was constructively discharged shortly thereafter.

72. The foregoing actions of Defendant Dex constitute unlawful retaliation in violation of the FCRA.

73. As a direct and proximate result of Defendant Dex's willful, knowing, and intentional retaliation against him, Plaintiff has suffered and will continue to experience pain and

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job of which Plaintiff was unlawfully deprived.

**WHEREFORE**, Plaintiff respectfully prays for the following:

(a) An award of compensatory damages, including emotional distress damages;

(b) An award of back pay and front pay to Plaintiff, plus interest;

(c) An award of punitive damages to Plaintiff;

(d) Prejudgment interest on all monetary recovery obtained;

(e) All costs and attorney's fees incurred in prosecuting these claims;

(f) For such further relief as the Court deems just and equitable.

## COUNT VII – UNPAID WAGES
***(Against Defendant Dex Only)***

74. Plaintiff realleges and readopts the allegations of paragraph 1 through 29 as though fully set forth herein.

75. During her employment, Plaintiff worked for Defendant Dex and Defendant Dex agreed to pay Plaintiff for her services.

76. Specifically, Defendant Dex agreed to pay Plaintiff commissions on all services she billed. Plaintiff billed over $215,000 in services for which Defendant Dex agreed to, but failed to, pay her a commission on, among other commissions Defendants failed to pay Plaintiff.

77. Defendant Dex failed and refused to compensate Plaintiff all wages owed to her, including not paying her for the full commissions she earned and not paying her last paycheck.

78. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a). Judgment against Defendant Dex for an amount equal to Plaintiff's unpaid back wages plus interest;

(b). All costs and attorney's fees incurred in prosecuting these claims, pursuant to Fla. Stat. §448.08; and

(c). For such further relief as the Court deems just and equitable.

**COUNT VII – FLSA VIOLATIONS**
***(Against Both Defendants)***

79. Plaintiff realleges and readopts the allegations of paragraphs 1 through 29 of this Complaint as though fully set forth herein.

80. Plaintiff was not paid minimum wage for the last weeks of her employment with Defendants.

81. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and subject to the individual coverage of the FLSA.

82. At all times material hereto, Plaintiff was an employee of Defendants, as defined by the FLSA.

83. At all times material hereto, Defendants were an "employer" within the meanings of the FLSA.

84. Defendant Dex is an enterprise engaged in commerce as defined by 29 U.S.C. §203(s)(1)(A) because, based upon information and belief, at all times material hereto it had an annual gross volume of sales in excess of $500,000.00. Defendant Dex also has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

85. Defendant Doyle was responsible for setting the wages of and hours worked by Plaintiff. Defendant Doyle controlled all facets of Plaintiff's employment, including the duties she was assigned to perform. Defendant Doyle controlled the day-to-day activities of the

corporate Defendant Dex, including exercising control over Plaintiff as to hours worked, rate of pay, and even her termination. Defendant Doyle exercised a high degree of control over Plaintiff. Thus, Defendant Doyle is an "employer" within the meaning of the FLSA.

86. As part of her regular job duties for Defendants Plaintiffs routinely and regularly used and/or handled items moving in the stream of commerce including, Xerox machines that were sold to out-of-state clients, printers, toner, fax machines, scanners, and other electronic equipment. Each of these items was used by Plaintiff as a tool necessary for doing her job as an employee of Defendants.

87. Plaintiff also regularly and recurrently used instrumentalities of interstate commerce, including both the telephone and Internet, in her work. Plaintiff routinely sold products outside of Florida by using the telephone and Internet, including, Xerox machines that were sold to out-of-state clients, printers, toner, fax machines, scanners, and other electronic equipment. Thus, Plaintiff is also subject to the individual coverage of the FLSA.

88. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

89. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

(a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable minimum wage.

(b) Judgment against Defendants that its violations of the FLSA were willful;

(c) An equal amount to the minimum wage damages as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) A declaration that Defendants' practices as to Plaintiff were unlawful and grant Plaintiff equitable relief;

(f) All costs and attorney's fees incurred in prosecuting these claims; and

(g) For such further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues.

Dated this 19th day of August, 2014.

Respectfully submitted,

/s/Luis A. Cabassa
**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.:813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
E-mail: lcabassa@wfclaw.com
Email: mkimbrou@wfclaw.com
**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of August, 2014, the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to:

Jennifer B. Compton
Daniel R. Strader
Shumaker, Loop & Kendrick, LLP
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236