# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LAURA OLSON,

      Plaintiff,

v.                                        Case No: 8:14-cv-1829-T-30TGW

DEX IMAGING, INC. and BETH
DOYLE-SCIOCOLONE,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Counts III-VI of Plaintiff's Amended Complaint (Dkt. #12) and Plaintiff's Response in Opposition to the Motion (Dkt. #19); Defendant's Motion for Leave to File Reply Brief (Dkt. #20) and Plaintiff's Opposition (Dkt. #21). Upon review and consideration, it is the Court's conclusion that the Motions should be denied.

### *Background*

Plaintiff, Laura Olson, filed this civil action against Defendants Dex Imaging, Inc. ("Dex") and Beth Doyle-Sciocolone ("Doyle") alleging eight counts: interference with her exercise of rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2614-2615; retaliation arising under the FMLA; retaliation arising under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 100, *et seq.*; handicap

discrimination under the Florida Civil Rights Act ("FCRA"); Fla. Stat. § 760.01 *et seq*.;

gender discrimination under the FCRA; retaliation arising under the FCRA; unpaid wages

under Florida common law; and minimum wage violations under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

Plaintiff's discrimination and retaliation claims relate to her status as a recovering

alcoholic, its effect on her ability to work and her need to receive time off from work to

seek treatment. Specifically, Plaintiff alleges that after she took leave to receive treatment

for her alcoholism, the mangers at Dex openly discussed her treatment and her status with

her co-workers. Dex withheld $17,000 in earned commissions after she took leave for

treatment and denied her subsequent requests for leave to obtain additional treatment.  She

returned to work on May 6, 2013, and was subjected to a hostile work environment as a

result of her disability and in retaliation for exercising her rights under the FMLA and the

FCRA. Dex stripped her of two major accounts, refused to pay proper commissions, and

its managers continued to openly discuss her condition and treatment. She reported the

treatment to Defendants and nothing was done.  Further, her manager, Doyle, specifically

ignored her and refused to answer her texts or phone calls and monitored her calendar and

emails.

Plaintiff also alleges that during her employment, she received disparate treatment

because her male counterparts received more favorable treatment in the form of more pay,

better accounts and more support staff. She alleges that on August 12, 2013, Defendants

constructively discharged her from her employment.

*Discussion*

## I.        Defendant's Motion to Dismiss

Dex and Doyle move to dismiss Plaintiff's claims arguing that she does not plead sufficient facts in support of each element required to state a cause of action for ERISA retaliation; she did not exhaust her administrative remedies under ERISA and the FCRA; she does not plead sufficient facts to support individual liability under ERISA against Doyle; she cannot state claims under the FCRA because they are preempted by ERISA; and, in the alternative, she does not plead sufficient facts in support of each element required to state a cause of action for her claims under the FCRA.

## II.        Motion to Dismiss Standard

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal citations and quotations omitted). "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, exhibits are part of a pleading "for all purposes." Fed.R.Civ.P. 10(c*); see Solis-Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) (per curiam) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

### III.       ERISA retaliation

Count III of Plaintiff's Amended Complaint alleges violation by both Defendants of ERISA's anti-retaliation provision, 29 U.S.C. § 1140 ("Section 510") which makes it unlawful to discharge a participant in an ERISA plan for asserting a claim for benefits. "In the context of a § 510 claim alleging unlawful discharge, a plaintiff may establish a prima facie case of discrimination by showing (1) that he is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination." *Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1223 (11th Cir. 1993).

At issue in Defendants' Motion to Dismiss is the third element, whether Plaintiff was discharged under circumstances that give rise to an inference of discrimination. Here, Plaintiff alleges that the discriminatory conduct identified in the Amended Complaint adversely affected her status as an employee and culminated in her constructive

termination. A constructive discharge occurs when a discriminatory employer imposes working conditions that are "so intolerable that a reasonable person in [the employee's] position would have been compelled to resign." *Fitz v. Pugmire Lincoln-Mercury, Inc.*, 348 F.3d 974, 977 (11th Cir. 2003) (quoting *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997)). In order to sufficiently allege a constructive discharge, the harassing behavior must be so severe and pervasive that it alters the conditions of plaintiff's employment. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 133, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004).

Plaintiff's Amended Complaint must allege circumstances sufficiently severe and pervasive to sustain a clam for constructive discharge or be subject to dismissal. *See Nettles v. LSG Sky Chefs*, 211 F. App'x 837, 839 (11th Cir. 2006) (no constructive discharge when employer undermined employee's authority in front of customers, peers, and subordinates; excluded employee from business meeting with chairman and denied employee the opportunity to present at a meeting; denied administrative support to employee for staff trip; evaluated the employee as meeting rather than exceeding expectations; and offering a position on terms and conditions less favorable than those offered to others for the same position). *See also Hill v. Winn Dixie Stores, Inc.*, 934 F.2d 1518, 1527 (11th Cir. 1991) (finding that a written reprimand, coupled with criticism by supervisors and the withdrawal of customary support, were insufficient to establish constructive discharge).

Plaintiff argues that the following alleged facts, taken as a whole, show that the terms and conditions were so onerous that a reasonable person would feel compelled to resign: the managers at Dex advertised that she sought substance abuse treatment and did

not take any remedial action when she complained of it; Dex refused to give her additional time off of work for treatment, withheld $17,000 in earned commission, took away two major accounts, withheld other commissions and monitored her calendar and e-mails. The Court concludes that these allegations, taken together, are sufficient to allege constructive discharge. The facts, taken in the light most favorable to Plaintiff, allege material changes to her employment and conduct that could be construed as humiliating and could have interfered with her work performance. *See Mars v. Urban Trust Bank*, 2:14-CV-54-FTM-29CM, 2014 WL 2155243 (M.D. Fla. 2014) (dismissing discrimination claims premised on constructive discharge because plaintiff did not identify "serious and material changes in the terms, conditions, or privileges of her employment"…[or] "discriminatory conduct [that] was frequent, severe, physically threatening or humiliating, or interfering with her work performance.")

## IV.     Administrative Remedies

The Eleventh Circuit requires employees to exhaust administrative procedures before filing suit for benefits under ERISA. *Byrd v. MacPapers, Inc.,* 961 F.2d 157, 160 (11th Cir. 1992); *see also Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court.") (citations omitted). A complaint that does "not allege anything about whether [plaintiff] pursued any available relief under the claims procedures terms of [the] employee benefits plan" is subject to dismissal. *Byrd*, 961 F.2d at 160–1 (affirming dismissal where plaintiff failed to plead either exhaustion of administrative remedies or impossibility of exhaustion).

A district court may dispense with the exhaustion requirement "when resort to administrative remedies would be futile or the remedy inadequate," *Counts v. Amer. Gen. Life & Accident Ins. Co*., 111 F.3d 105, 108 (11th Cir. 1997); or where a claimant is denied "meaningful access" to the administrative review scheme. *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990), *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313, 1314 (11th Cir. 2001). Given these exceptions, "the decision whether to apply the exhaustion requirement is committed to the district court's sound discretion …." *Id*. (quoting *Curry*, 891 F.2d at 846).

Plaintiff's allegations state that she "exhausted her administrative remedies as to her ERISA claim prior to initiating this action, including through Defendants' own internal process and through CIGNA."  These allegations are sufficient to plead exhaustion. However, Plaintiff also asserts that to the extent she did not exhaust her remedies, "Defendants failed to establish procedures for reviewing employees' claims under the Defendants' plan." Although the two statements are contradictory, Plaintiff may plead in the alternative. The Federal Rules of Civil Procedure permit a plaintiff to allege inconsistent claims. Fed.R.Civ.P. 8(d)(2) and (3). However, Plaintiff's attempt at pleading an exception to the exhaustion requirement lacks sufficient factual detail. *See In re Managed Care Litig*., 298 F. Supp. 2d 1259, 1295 (S.D. Fla. 2003) (where "Plaintiff's allegations targeted to trigger one of the three limited exceptions are conclusory and made without any factual basis" the Court dismissed the ERISA claim for failure to plead exhaustion or impossibility.)

## V.        ERISA Retaliation Claim Against Doyle Individually

Under Section 510 of ERISA "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. Plaintiff pursues its claims for ERISA retaliation against Doyle as an individual based on her actions as her manager at Dex.

Generally, an individual is not liable for corporate ERISA obligations solely by virtue of his role as officer, shareholder, or manager. *See International Brotherhood of Painters v. George A. Kracher, Inc.*, 856 F.2d 1546, 1547-48, 1550 (D.C.Cir. 1988); *Massachusetts Laborers' Health and Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 25-26 (1st Cir. 1988); *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985); *Operating Engineers Pension Trust v. Reed*, 726 F.2d 513, 515 (9th Cir. 1984).

Although the issue has yet to be explicitly addressed by the Eleventh Circuit,[1] federal district courts outside this circuit have repeatedly found that a Section 510 claim can proceed against an individual corporate officer based on his or her own actions. *See e.g.*, *Narodetsky v. Cardone Indus.*, No. CIV.A.09–4734, 2010 WL 678288 (E.D.Pa. Feb. 24, 2010) (complaint adequately stated a claim under Section 510 alleging wrongful termination for purposes of interfering with his medical benefits against the company's

---

[1] The Court acknowledges the holding in *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 161 (11th Cir. 1992) which granted an insurer's motion to dismiss a Section 510 claim against it holding that it was not plaintiff's "employer" as defined in the statute. In that case, plaintiff alleged claims against the administrator of the plan who did not make any employment decisions.

acting director of human resources, human resources representative, and plant manager for violation of Section 510 where each had control over him in the decision to terminate him); *Maguire v. Level Sights, Inc.*, No. CIV.A.03–2294, 2004 WL 1621187 (S.D.N.Y. July 19, 2004) (although the court declined to allow the claim for individual liability under section 510 to proceed because the complaint made no allegations that the defendant president discriminated against or took any adverse employment action against any particular group of employees, it affirmatively recognized that "[l]iability under [section 510] ... is not limited to employers. It applies equally to an individual whose conduct directly alters, in a fundamental way, the employer-employee relationship so as to interfere with pension rights."); *Simons v. Midwest Tel. Sales & Serv., Inc.*, 433 F.Supp. 2d 1007 (D.Minn. 2006) (declining to grant summary judgment in favor of defendant president recognizing that Section 510 is "directed at the 'person' who fires an employee in retaliation for exercising a right under an employee benefit plan ... [and][u]nder ERISA, a 'person' can be an individual.")

The Court is persuaded by the foregoing authority. Plaintiff's allegations are sufficient since she alleges enough facts necessary to support a claim against Doyle individually. Plaintiff alleges that Doyle controlled all aspects of her day-to-day work including setting her hours, rate of pay, discipline, job duties and designated accounts. Doyle also had authority to fire Plaintiff and had individual control over the ERISA plan and initiated the process by which Plaintiff utilized the plan. Further, Doyle ignored Plaintiff, refused to respond to her communications, and monitored her calendar and e-

mails.   These facts, taken in the light most favorable to Plaintiff, state a claim for ERISA retaliation against Doyle individually.

## VI.        ERISA Preemption of Plaintiff's FCRA claims

Defendant argues that since Plaintiff's ERISA and FCRA claims both derive from her constructive discharge allegation, the FCRA claims "relate to" the ERISA claims and are therefore preempted. ERISA provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" subject to ERISA. 29 U.S.C. § 1144(a). Therefore, the Court should dismiss a state law claim when the plaintiff alleges that the principal reason for the employee's discharge is the employer's desire to avoid paying benefits due under the ERISA plan, even when there are distinct state tort or contract theories. *Gonzalez v. Wells Fargo Bank, N.A.*, 2013 WL 5435789, 57 Employee Benefits Cas. 1085 (S.D.Fla. 2013).

Plaintiff's Amended Complaint does not proceed under the theory that Dex was motivated by a desire to avoid paying benefits. Instead she complains that Dex discriminated against her because of her disability and retaliated when she used the benefits to treat her condition. The FCRA claims exist independently of the ERISA claims and do not relate to her employee benefit plan for purposes of preemption.

## VII.       Plaintiff's FCRA Claims

### a. Exhaustion of Remedies

To bring a suit for discrimination under the FCRA, a plaintiff first must exhaust administrative remedies. To do so, the plaintiff must timely file a discrimination charge with the appropriate commission. *See Poulsen v. Publix Super Markets, Inc.*, 302 Fed.

App'x. 906 (11th Cir. 2008). Plaintiff alleged in the Amended Complaint that she exhausted her administrative remedies, filed a Charge of Discrimination with the appropriate commission and that more than 180 days passed since she filed the Charge. She also attached a copy of the Charge to her Response in Opposition, which shows that more than 180 days passed before she filed her complaint. These facts are sufficient to show exhaustion of remedies. *See Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D.Fla. 2013).

### b. Disability and Gender Discrimination

The Court evaluates a disability discrimination claim under the FCRA using the same framework as ADA claims. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007).   Disability, with respect to an individual, is defined in the ADA as: (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). According to the EEOC regulations, major life activities include: "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i). To show that she is a qualified individual, Plaintiff must allege that she is "able to perform the essential function of [her job] with or without reasonable accommodation…." *Reed v. The Hell Co.*, 206 F. 3d 1055, 1061 (11th Cir. 2000).

Under the controlling law in the Eleventh Circuit, "[t]he burden-shifting analysis of Title VII employment discrimination claims is applicable to ADA claims." *Holly*, 492 F.3d at 1255. To establish a prima facie case of discrimination under the ADA, "a plaintiff must show: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Id*.

Plaintiff alleges disability discrimination under the FCRA based on her condition as a recovering alcoholic which affects her major life activity of working. Plaintiff alleges that she is a qualified individual and she was subjected to unlawful discrimination because of her disability. She also premises her claim on Dex's denial of a reasonable accommodation for her disability in the form of additional leave from work to receive treatment. Plaintiff's allegations are sufficient to sustain a disability claim under the FCRA.

### c. Gender Discrimination

To plead a claim for disparate treatment based on gender discrimination under the FCRA, plaintiff must show that "(1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) her employer treated similarly situated employees outside her protected class more favorably than she was treated; and (4) she was qualified for the job. *Burke-Fowler v. Orange County., Fla*., 447 F.3d 1319, 1323 (11th Cir. 2006). The Amended Complaint sufficiently states a cause of action for gender discrimination where it alleges that Plaintiff is part of a protected class, she was qualified for the job, she was constructively discharged, and that similar male employees who held the same position as her received more compensation, and specifically, one male employee

named Zack received commission that Plaintiff actually earned although he was less qualified.

### d. Retaliation

Florida courts follow federal case law when examining FCRA retaliation claims. *Carter v. Health Mgmt. Associates*, 989 So. 2d 1262 (Fla. 2d DCA 2008). To establish a prima facie case of retaliation under the FCRA, the plaintiff must show that (1) she engaged in a statutorily protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. *McCann v. Tillman,* 526 F.3d 1370, 1375 (11th Cir. 2008). Close temporal proximity between the protected activity and adverse action can satisfy the burden of demonstrating causation. *Thomas v. Cooper Lighting, Inc*., 506 F.3d 1361, 1364 (11th Cir. 2007). Plaintiff's Amended Complaint alleges that she engaged in multiple instances of protected activity including complaining about discriminatory acts against her based on her gender and disability a few days before she was constructively discharged.

The Court concludes that the allegations, viewed in the light most favorable to Plaintiff, are sufficient to state a claim for retaliation. Plaintiff alleges a protected activity, an adverse employment action, and a causal connection through temporal proximity between the protected activity and the adverse employment action.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant's Motion to Dismiss Counts III-VI of Plaintiff's Amended Complaint (Dkt. #12) is DENIED.

13

2.       Defendant's Motion for Leave to File Reply Brief (Dkt. #20) is DENIED as

moot.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1829 mtd 12.docx

14